**SO ORDERED.**

**SIGNED this 25 day of April, 2012.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF NORTH CAROLINA
# WILMINGTON DIVISION

IN RE:

MICHAEL WAYNE JOHNSON,        CASE NO. 12-00642-8-JRL
                              CHAPTER 7
    DEBTOR.

## ORDER

The following matters came before the court: the Bankruptcy Administrator's ("BA") motion for Glenda Ocasio ("Ms. Ocasio") to appear and show cause why she should not be subject to sanctions for violating 11 U.S.C. § 110, the debtor's application to waive filling fees, the debtor's motion to reaffirm a debt, and the court's own motion for the debtor to appear and show cause why he failed to attend the 341 meeting of creditors. A hearing was held on March 21, 2012 in Wilmington, North Carolina.

The debtor testified that prior to January 26, 2012, he sought out an attorney to help him file for bankruptcy relief. He contacted several attorneys and was eventually told to speak with someone at "legal aid." The debtor called the operator and asked to be connected to legal aid services. The operator connected the debtor to "legal aid alternatives." A representative at legal aid alternatives told the debtor that Ms. Ocasio would handle the debtor's case. The debtor

received a petition from Ms. Ocasio to fill-out but was unable to complete the paperwork due to a learning disability. Ms. Ocasio told the debtor that she would fill out the petition on the debtor's behalf. She requested that the debtor give her his bank account numbers.

The debtor testified that Ms. Ocasio told the debtor that her fee was $399.00 to file the debtor's petition. At the hearing, the debtor's bank statements were presented to show that Ms. Ocasio received $249.00 from the debtor. Ms. Ocasio failed to tell the debtor that the maximum amount she could charge the debtor to file the petition in this jurisdiction was $80.00. See In re Moore, 283 B.R. 852, 859 (Bankr. E.D.N.C. 2002) ("[t]he court finds that the $199 fee is excessive, and that $80 is a reasonable fee"); see also In re Moore, 290 B.R. 287, 295 (Bankr. E.D.N.C. 2003). The debtor provided Ms. Ocasio with the information necessary to file the petition.

Ms. Ocasio told the debtor the following: she would be representing him in the bankruptcy case; he would be able to keep all of his assets; he did not need an attorney; he should file under chapter 7; and all of his debts would be discharged. Ms. Ocasio filed several reaffirmation agreements on the debtor's behalf, but the debtor testified that he did not know anything about reaffirmation agreements. There were several exemptions listed in the debtor's petition. However, the debtor represented to the court that he was unaware of what the term "exemption" meant when the petition was filed. The debtor testified that he did voluntarily sign the petition.

On January 26, 2012, the debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On January 26, 2012, the court also entered an order directing Ms. Ocasio to return to the debtor the difference between the fee charged and the standard fee in this district.

The BA filed a show cause against Ms. Ocasio on February 15, 2012 for violations pursuant to 11 U.S.C. § 110. Ms. Ocasio failed to attend the hearing.[1]

## DISCUSSION

The BA contends that Ms. Ocasio is a bankruptcy petition preparer as it is defined under the Bankruptcy Code, and while in acting in that capacity she violated several provisions outlined in 11 U.S.C. § 110. A "'bankruptcy petition preparer' means a person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing[.]" 11 U.S.C. § 110. Section 110 provides rules and guidelines that bankruptcy petition preparers must follow. A violation of this section may resort in a fine. 11 U.S.C. § 110(l). This is not the first time that Ms. Ocasio has been reprimanded for violating 11 U.S.C. § 110. The Middle District of Georgia entered an order sanctioning Ms. Ocasio for violating several provisions under 11 U.S.C. § 110, and issued an injunction barring Ms. Ocasio from filing petitions in bankruptcy. In re Jones, Case No. 09-53114 (Bankr. M.D. Ga. Feb. 16, 2010).

The BA contends that Ms. Ocasio violated 11 U.S.C. §§ 110(e)(2)(A), (f), (h)(1) and (5), (i)(1), and (k) and should be sanctioned for her misconduct. The BA also asked that the court permanently enjoin Ms. Ocasio and Legal Aid Alternatives under 11 U.S.C. § 110(j) from acting as a bankruptcy petition preparer. The court will address each of these statutory provisions.

Pursuant to 11 U.S.C. § 110(e)(2)(A), a bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice. Based on the debtor's testimony, the court finds

---

[1] Although Ms. Ocasio failed to attend the hearing, she did file a response stating that she had been in a car accident and admitted and discharged from a hospital for a cat bite ten days prior to the hearing.

3

that Ms. Ocasio advised the debtor to file chapter 7, explained that his filing would result in a discharge of his debt, told the debtor that he would be able to retain certain assets, filed reaffirmation agreements in his name, and characterized the nature of his property and debts on the petition.  Each of these actions can be classified as "legal advice."  A bankruptcy petition preparer who fails to comply with this provision "may be fined not more than $500 for each such failure."  11 U.S.C. § 110(l)(1).  Ms. Ocasio will be fined $2,500.00 for her five violations under 11 U.S.C. § 110(e)(2)(A).

A bankruptcy petition preparer who provides legal advice is also in violation of N.C. Gen. Stat. § 84-4, which prohibits person other than members of the North Carolina State Bar from practicing law in this state.  N.C. Gen. Stat. § 84-4.  In addition, § 110(k) specifically states, "[n]othing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law."  11 U.S.C. § 110(k).  The court found in In re Moore, 290 B.R. 287, 297 (Bankr. E.D.N.C. 2003), that bankruptcy petition preparers are limited to simply typing the petitions as directed by their customers.  Assisting a debtor in choosing how to characterize exemptions falls directly within the definition of "unauthorized practice" of law in this state.  See In re Davenport, Case No. 99-01068-5-ATS, 1999 Bankr. LEXIS 2003 (Bankr. E.D.N.C. Aug. 31, 1999).  Therefore, the court finds that Ms. Ocasio engaged in the unauthorized practice of law in the state of North Carolina.

Section 110(f) states, "[a] bankruptcy petition preparer shall not use the word 'legal' or any similar term in any advertisements, or advertise under any category that includes the word 'legal' or any similar term." Here, the BA contends that operating under the name of "legal aid alternatives" is fraudulent, unfair, and deceptive.  The court agrees.  The court finds that Ms.

Ocasio violated 11 U.S.C. § 110(f) and may be fined a maximum of $500.00 pursuant to 11 U.S.C. § 110(l)(1).

Pursuant to 11 U.S.C. § 110(h)(1), "[a] bankruptcy petition preparer shall notify the debtor of any such maximum amount before preparing any document for filing for the debtor or accepting any fee from or on behalf of the debtor." Based on the debtor's testimony and bank statements it is clear that Ms. Ocasio did not inform the debtor that the maximum amount she could charge the debtor for filing a petition in this district was $80.00. Thus the court finds that Ms. Ocasio violated this provision of the Code. Ms. Ocasio may be fined a maximum of $500.00 pursuant to 11 U.S.C. § 110(l)(1) for this violation.

Section 110(h)(5) states, "[a] bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order." Ms. Ocasio failed to turnover funds to the debtor pursuant to the court's order on January 26, 2012. Thus the court may fine Ms. Ocasio a maximum of $500.00 pursuant to 11 U.S.C. § 110(I)(1) for this violation.

Pursuant to 11 U.S.C. § 110(i)(1),

> If a bankruptcy petition preparer violates this section or commits any act that the court finds to be fraudulent, unfair, or deceptive, on the motion of the debtor, trustee, United States trustee (or the bankruptcy administrator, if any), and after notice and a hearing, the court shall order the bankruptcy petition preparer to pay to the debtor--
>     (A) the debtor's actual damages;
>     (B) the greater of--
>         (i) $2,000; or
>         (ii) twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services; and
>     (C) reasonable attorneys' fees and costs in moving for damages under this subsection.

11 U.S.C. § 110(i)(1). Based on the debtor's testimony, the court finds that the conduct of Ms.

Ocasio is fraudulent, unfair, and deceptive. Ms. Ocasio is ordered to pay the debtor's actual damages and an additional $2,000.00 as provided for in the statute.

Finally, the BA requests that Ms. Ocasio be permanently enjoined from acting as a bankruptcy petition preparer pursuant to 11 U.S.C. § 110(j). The court finds that Ms. Ocasio has engaged in conduct in violation of 11 U.S.C. § 110, and also engaged in fraudulent, unfair, and deceptive conduct. Based on the bankruptcy court for the Middle District of Georgia's order, the court also finds that Ms. Ocasio has continually engaged in this conduct. Ms. Ocasio also failed to disgorge all fees ordered by the court on January 26, 2012. Thus there are grounds for Ms. Ocasio to be permanently enjoined from acting as a bankruptcy petition preparer.

At the hearing, the debtor requested that his case be dismissed. The trustee objected to a dismissal. He argued that the debtor had substantial assets that were not disclosed and that these assets had already been sent to the auction yard. The trustee contends that the petition preparer may have overstepped but the debtor knew what he was doing when the assets were not disclosed and the unsecured creditors will be harmed if the case is dismissed. The debtor argued that he was victimized by Ms. Ocasio. While he intended to file bankruptcy, he did not have the benefit of an attorney's advice and did not understand fully what he was doing or the consequences of his actions. The BA did not take a position on the dismissal of the debtor's case.

Based on the foregoing, the debtor's request for dismissal is **DENIED**. The court finds that the debtor wanted to file bankruptcy and knew what he was doing when he signed a petition to file bankruptcy. The debtor must take some responsibility for his actions. The information contained in the debtor's petition was a reasonably accurate statement; therefore, the trustee can

administer assets. The 341 meeting shall be rescheduled by the trustee. Approval of the pending reaffirmation agreements is **DENIED** based on the debtor's incredulity as to their existence. The debtor's application for waiver of the chapter 7 filing fee is **ALLOWED**. The court also finds that there have been substantial violations of 11 U.S.C. § 110.

Based on the 11 U.S.C. § 110 violations, the court orders that:

1) Ms. Ocasio and Legal Aid Alternatives are permanently enjoined from acting as a bankruptcy petition preparer under 11 U.S.C. § 110(j).

2) Ms. Ocasio is fined $4,000.00 in accordance with 11 U.S.C. § 110(l) for the numerous violations this court has found under 11 U.S.C. § 110(e), (f), and (h).

3) Ms. Ocasio is ordered to pay $249.00, the debtor's actual damages, and an additional $2,000.00 as provided for in 11 U.S.C. § 110(i)(1).

4) Ms. Ocasio and Legal Aid Alternatives shall immediately turnover all funds received from the debtor.

**END OF DOCUMENT**